UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-196-FDW

| | |
|---|---|
| WILLIAM JESS REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GASTON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

**I.     BACKGROUND**

*Pro se* Plaintiff, who is incarcerated at the Mountain View Correctional Institution, has filed a civil rights suit pursuant to 42 U.S.C. § 1983.

Plaintiff names as Defendants: Gaston County Judicial Circuit 27A, and North Carolina Attorney General Josh Stein. Construing the Complaint liberally and accepting the allegations as true, Plaintiff was accused of an offense on June 13, 1986 and a rape kit was conducted on the victim. The kit was turned over to the Captain of the Identification Bureau where it was destroyed before the case was tried. The kit would have "proved Plaintiff's guilt or innocence" and its destruction deprived Plaintiff of due process. (Doc. No. 1 at 3-4). The victim testified at trial that Plaintiff was the perpetrator, which resulted in his conviction of offenses that he did not commit and for which he received consecutive life sentences. The four one-count indictments addressed offenses that occurred at the same time and should have been considered a single offense. Plaintiff's consecutive sentences are malicious. Plaintiff's criminal defense lawyer was ineffective

1

for failing to preserve this and other issues for appellate review. Plaintiff filed a post-conviction motion in which he raised these errors but relief was denied and Plaintiff is being falsely imprisoned.

Plaintiff seeks $10,000,000 in compensatory and punitive damages for "loss of life," mental suffering, indignity, emotional distress, and injunctive relief. (Doc. No. 1 at 5).

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under

federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Individuals Not Named as Defendants**

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**(2) Gaston County**

Counties and municipalities, are political subdivisions of a state that can qualify as a "person" under Section 1983. See, e.g., Pembaur v. City of Cincinnati, 475 U.S. 469, 485 (1986) When determining whether or not a government official is an agent of the state or of a political subdivision for the purposes of Section 1983, the "inquiry is dependent on an analysis of state law." McMillian v. Monroe County, 520 U.S. 781, 785 (1997). Alleging that a county or municipal

employee committed a constitutional violation is necessary, but not sufficient, to state a claim against a county or municipality. A county or municipality may be found liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). For § 1983 liability to extend to a local government, the policy or custom must be the "moving force" that resulted in the constitutional violation. Monell, 436 U.S. at 694. Further, a county "may only be held liable for acts for which the county has final policymaking authority." Parker v. Bladen County, 583 F.Supp.2d 736, 739 (E.D.N.C. 2008). State law governs whether a county has final policymaking authority on a particular topic. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); Stockton v. Wake County, 173 F.Supp.3d 292 (E.D.N.C. March 24, 2016).

Assuming that Gaston County is amenable to suit, Plaintiff has failed to state a claim for § 1983 relief because he does not allege that any policy or custom violated his constitutional rights. Therefore, the claims against Gaston County will be dismissed.

**(3)** **Prosecutorial Immunity**

Prosecutors are absolutely immune as individuals from Section 1983 liability for acts arising out of the exercise of their official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). This immunity applies only to the extent that prosecutors serve as advocates for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor's administrative and investigative duties that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id.

Deciding whether, and with what offenses, an individual should be charged with is a prosecutorial duty that is a traditional function of an advocate. See generally Savage v. Md., 896

4

F.3d 260, 270 (4th Cir. 2018) ("whether to 'initiat[e] a prosecution,' of course, is in the heartland of the prosecutorial discretion covered by absolute immunity.") (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)).

Plaintiff alleges that he was charged and convicted for offenses based on the victim's perjured testimony, that the destruction of rape kit evidence deprived him of due process, that he was charged separately for offenses that occurred during a single criminal episode, and that he is being falsely imprisoned. Absolute prosecutorial immunity applies and the claims against the prosecutors and the claims against the North Carolina Attorney General with regards to charging Plaintiff and prosecuting the case are dismissed as frivolous. See, e.g., Collazo v. Pagano, 656 F.3d 131 (2d Cir. 2011) (claim against a prosecutor on the grounds of immunity is frivolous). To the extent that Plaintiff alleges that improper handing of rape kit evidence occurred, he fails to allege that Defendant Stein or any other prosecutor was involved in that incident whatsoever. The claims against Defendant Stein are therefore dismissed.

**(4)** **Criminal Convictions**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights act, § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," Muhammad, 540 U.S. at 750. Some cases are "hybrids," where a prisoner seeks damages, which are unavailable through a habeas action, but on allegations that either imply the invalidity of an underlying conviction or of a particular ground for denying relief

5

short of serving the maximum term of confinement. Id. To address this situation, the Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

Id. at 485.

For Heck to bar a § 1983 claim, (1) "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence," Heck, 512 U.S. at 487, and (2), the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practically sought habeas relief while in custody, Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015).

Plaintiff alleges that he was wrongfully prosecuted and that he is being falsely imprisoned on state criminal charges. Plaintiff is a current North Carolina inmate, he does not allege that his conviction has been overturned, and the relief that he seeks – damages and injunctive relief for false imprisonment – would necessarily undermine his convictions. His § 1983 claim is therefore barred by Heck and will be dismissed without prejudice as frivolous.

### IV. CONCLUSION

For the reasons stated herein, the Amended Complaint is frivolous and fails to state a claim upon which relief can be granted and is therefore dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 10), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The Clerk is directed to close this case.

Signed: September 16, 2019

Frank D. Whitney
Chief United States District Judge